PRICE LAW GROUP, APC
G. Thomas Martin, III (SBN 218456)
15760 Ventura Boulevard, Suite 1100
Encino, California 91436
Telephone: 818.907.2030
Facsimile: 818.205.3730
tom@plglawfirm.com

*Attorney for Plaintiff*
DANI BELINDA FISCHER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANI BELINDA FISCHER,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>RENT-A-CENTER, Inc., a foreign corporation; and DOES 1 to 10, inclusive,<br><br>　　　　Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>**1. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]**<br><br>**2. THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227]** |

### COMPLAINT FOR DAMAGES
### I.　　INTRODUCTION

1.　　Dani Belinda Fischer ("Plaintiff") brings this action to secure redress from Rent-A-Center, Inc. ("Defendant"), a foreign corporation, for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788.  The TCPA is a federal statute that broadly regulates the use of automated

telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC"). The RFDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## II.   JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States. Jurisdiction in this Court is also proper pursuant to 28 U.S.C. § 1367 as Plaintiff's RFDCPA claim is so related to Plaintiff's TCPA claim that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## III.   PARTIES

4. Plaintiff is an individual, residing in Folsom, Sacramento County, California 95630.

5. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person. Thus, Plaintiff is a "debtor" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(h).

6. Defendant is a foreign corporation registered under the laws of the State of Delaware. Defendant's principle place of business is located at 5501 Headquarters Drive, Plano, Texas 75024.

7. In the ordinary course of business, regularly, on behalf of itself or others, Defendant engages in debt collection and thus, Defendant is a "debt collector" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(c). Defendant

regularly engages in the collection of debt by telephone in several states including, California.

8. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## IV. FACTUAL ALLEGATIONS

9. Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction, which qualifies as "consumer debt," as defined by RFDCPA, CAL. CIV. CODE § 1788.2(f) ("alleged debt").

10. At all times relevant to this action, Defendant owned, operated and/or controlled telephone number 916-985-4501. At all times relevant to this action, Defendant called Plaintiff from, but not limited to, telephone number 916-985-4501.

11. At all times relevant to this action, Defendant called Plaintiff at, but not limited to, Plaintiff's cellular telephone number ending in 8258 and Plaintiff's place of employment telephone number ending in 8053.

12. Within one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring repeatedly and continuously to annoy Plaintiff.

13. Within one year prior to the filing of this action, Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment.

14. Between February 20, 2014 and March 1, 2014, Defendant called Plaintiff no less than fifteen (15) times.

15. Within one year prior to the filing of this action, Defendant regularly called Plaintiff multiple times over the course of one day. For example, on or about February 26, 2014, Defendant called Plaintiff no less than four (4) times over the course of one day.

16. Within one year prior to the filing of this action, Defendant regularly called Plaintiff once and then called Plaintiff again immediately thereafter. For example, on or about, but not limited to February 25, 2014, Defendant called Plaintiff at 12:10 p.m. and 12:12 p.m. On or about, but not limited to February 26, 2014, Defendant called Plaintiff at 1:45 p.m. and 1:45 p.m.

17. On or about November 29, 2013, Plaintiff requested in writing that Defendant cease calling Plaintiff at Plaintiff's work telephone number and at Plaintiff's cellular telephone. A true and correct copy of Plaintiff's letter to Defendant dated November 29, 2013 is attached hereto and referred to herein as Exhibit A.

18. Subsequent to November 29, 2013, Defendant called Plaintiff at Plaintiff's place of employment no less than six (6) times.

19. Subsequent to November 29, 2013, Defendant called Plaintiff at Plaintiff's cellular telephone no less than nineteen (19) times.

20. On or about March 3, 2014, Plaintiff requested in writing that Defendant cease calling Plaintiff at Plaintiff's work telephone number and at Plaintiff's cellular telephone. A true and correct copy of Plaintiff's letter to Defendant dated March 3, 2014, is attached hereto and referred to herein as Exhibit B.

21. Subsequent to March 3, 2014, Defendant called Plaintiff at Plaintiff's place of employment.

22. Subsequent to March 3, 2014, Defendant called Plaintiff at Plaintiff's cellular telephone no less than eight (8) times.

23. The natural and probable consequences of Defendant's conduct was to harass, oppress or abuse Plaintiff in connection with the collection of the alleged debt.

24. The natural and probable consequences of Defendant's conduct amounts to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

25. At all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

26. At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

27. Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone multiple times using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

28. Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

29. Assuming Defendant received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1), this consent

was revoked on or about, but not limited to November 29, 2013 and March 3, 2014.

30. At no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

31. Defendant is not a tax exempt nonprofit organization.

32. Defendant's violation of the TCPA was willful. Defendant's violation of the TCPA was willful because Plaintiff requested in writing on no less than two (2) occasions that Defendant cease calling Plaintiff.

33. Within four years prior to the filing of this action, Defendant willfully and/or knowingly contacted Plaintiff no less than nineteen (19) times at Plaintiff's cellular telephone using an "automatic telephone dialing system" or using an "artificial or prerecorded voice" in violation of the TCPA.

## V. FIRST CAUSE OF ACTION

**(Violation of the RFDCPA, CAL. CIV. CODE § 1788)**

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

(b) Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances; and

(c) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

(i) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692(c)(a)(3) communicating with the consumer with respect to a debt, at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication; and

(ii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692(c)(c) by communicating with the consumer with respect to a debt, after the consumer notifies the debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer; and

(iii) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

(iv) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

(v) Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

36. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

37. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

///
///
///

## VI. SECOND CAUSE OF ACTION
## (Violations of the TCPA, 47 U.S.C. § 227)

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

(a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

40. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

41. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

///

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(b) Actual damages pursuant to CAL. CIV. CODE § 1788.30(a); and

(c) As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(d) As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(e) Statutory damages pursuant to CAL. CIV. CODE § 1788.30(b); and

(f) Costs and reasonable attorney's fees pursuant to CAL. CIV. CODE § 1788.30(c); and

(g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(h) For such other and further relief as the Court may deem just and proper.

///
///
///
///
///

## VIII.  **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

                                              RESPECTFULLY SUBMITTED,

Dated:  April 15, 2014                PRICE LAW GROUP, APC

                                            By: /s/ G. Thomas Martin, III
                                                   G. Thomas Martin, III
                                                   *Attorney for Plaintiff*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

COMPLAINT FOR DAMAGES

March 3, 2014

Rent-A-Center, Inc.
5501 Headquarters Drive
Plano, TX 75024

RE:     <u>**SECOND AND FINAL WRITTEN REQUEST TO CEASE CALLING**</u>
Name:     Dani Fischer
Agreement #s:  **fu700271, fu700272**
Work #:     **(916) 822-8053**
Cellular #:     **(916) 847-8258**

To Whom It May Concern:

I am receiving an overwhelming volume of collection calls from Rent-A-Center to my cellular telephone and to my work telephone. Additionally, my family and friends are receiving telephone calls from Rent-A-Center.

On November 29, 2013, I requested in writing that Rent-A-Center cease calling me at work and on my cellular telephone for any reason. *See enclosed*, Letter to RAC dated November 29, 2013. Subsequent to November 29, 2013, Rent-A-Center has persisted in constantly and continuously calling me at work and on my cellular telephone.

<u>**Please allow this to serve as my second and final written request to cease calling me.**</u>

Do not call me at work. I am not permitted to accept personal calls at work. Rent-A-Center's calls to my place of employment could put my job in jeopardy.

Do not call me on my cellular telephone. Do not call any numbers you may have associated with my account. Do not call the numbers of any third-parties you may have associated with my account.

Do not visit my residence. Should Rent-A-Center need to contact me for any reason it may do so via United States Mail, dispatched to address listed below.

Thank you in advance for your cooperation.

Sincerely,

Dani Fischer
1200 Creekside Drive, #1632
Folsom, CA 95630

cc.     RAC Acceptance, 12178 Tributary Point D, Rancho Cordova, CA 95670-4506

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

COMPLAINT FOR DAMAGES

November 29, 2013

RAC Acceptance
12178 Tributary Point D
Rancho Cordova, CA 95670-4506

| | |
|---|---|
| **Name:** | Dani Fischer |
| **Work Telephone Number:** | (916) 822-8053 |
| **Cellular Telephone Number:** | (916) 847-8258 |

To Whom It May Concern:

I am receiving an overwhelming volume of collection calls from RAC Acceptance to my cellular telephone and to my work telephone. Additionally, my family and friends are receiving telephone calls from your company as well concerning my late payment status. These collection calls are a great inconvenience and have been a significant source of stress for me and my family.

**I respectfully request that RAC Acceptance cease from calling me at my work telephone number and at my cellular telephone number for any reason. Additionally, I also request that RAC Acceptance stop calling my friends and family or any other contact telephone number they may have listed on my account.**

Should RAC Acceptance need to contact me for any reason it may do so at the address listed below:

Sincerely,


Dani Fischer
1200 Creekside Drive, #1632
Folsom, CA 95630